138

# CIRCUIT COURT OF THE CITY OF RICHMOND

Gail A. Johnson

v.

Virginia Municipal
Liability Pool et al.

March 23, 2007
nunc pro tunc March 8, 2007

Case No. CL06-3338-1

BY JUDGE T. J. MARKOW

The parties appeared on February 26, 2007, for a trial by the court on the Amended Complaint for Declaratory Judgment and responses thereto, and evidence was presented, and argument was heard.

Plaintiff, a police officer of the defendant, City of Williamsburg, was injured in an automobile accident on December 15, 2003. She asserts that the tortfeasor's insurance coverage is inadequate to cover her damages and she seeks coverage under the City's insurance policy that was issued by defendant, Virginia Municipal Liability Pool. That policy provides liability coverage of $1,000,000. Plaintiff argues that is the limit of the uninsured/underinsured coverage as required under Va. Code § 38.2-2206 because Virginia Municipal Liability Pool failed to provide the City with notice of optional reduced limits and the City never chose those limits.

Virginia Municipal Liability Pool counters that it is a creature of statute and that, under Va. Code § 15.2-2704, the UM/UIM provisions of Va. Code § 38.2-2206 are not applicable to it unless formally accepted by resolution of its "governing authority." It claims that no such resolution was adopted.

A further defense of Virginia Municipal Liability Pool is that, when the policy was first issued in 1986, the City made the choice to provide the

minimum coverage under § 38.2-2206 of the code. That choice was contained in each renewal thereafter, including the policy under which plaintiff makes her claims.

The Virginia Municipal Liability Pool is authorized by and organized under Chapter 27 of Title 15.2, §§ 15.2-2700 through 15.2-2709, of the Code of Virginia. Section 15.2-2704 is the only section that specifically refers to UM/UIM coverage. It provides, in pertinent part:

> Additionally, a group self-insurance pool shall not be subject to the provisions of § 38.2-2206 relating to uninsured motorist coverage *unless it elects by resolution of its governing authority* to provide such coverage to its pool members.

(Emphasis added.)

The Virginia Supreme Court has held that UM/UIM default coverage of the limits of the liability policy does not apply to the Virginia Municipal Liability Pool in the absence of the "resolution" of the governing body. See *Virginia Municipal Liability Pool* v. *Keenon*, 249 Va. 441 (1994).

Here plaintiff cites the language of the policy as evidence of the resolution. It provides:

> V. *Virginia Uninsured Motorist Rejection*
> The Virginia Municipal Liability Pool, by resolution of its Supervisory Board has elected not to be governed by the provisions of Va. Code § 38.2-2206 or to offer to its Members uninsured or underinsured motorist coverage in excess of the limits therefor shown in the Primary Automobile Liability Section on the front of this cover page. The uninsured and underinsured motorist coverage provided hereby is limited to the minimum statutory amounts specified by Virginia law. Inasmuch as Va. Code § 38.2-2206 is inapplicable to this coverage, the provisions of Va. Code § 38.2-2202B are also inapplicable and rejection of limits in excess of said minimum statutory coverage by the member who is covered hereby is not required by law.

Other than the phrase in the first sentence, "by resolution of its Supervisory Board," there is no evidence of a resolution; there are no minutes nor any testimony by someone who may have been present at a meeting of the Supervisory Board that such a resolution was ever adopted.

140

In authorizing governments to organize and to contract with a self-insurance pool, the General Assembly found that such a contract is for "a public and governmental purpose. . . ." Va. Code § 15.2-2700. Further in the chapter, the General Assembly in § 15.2-2708 exempts from the Virginia Freedom of Information Act disclosure of liability reserves for a "specific pending and unresolved claim," the implication being that other sections of the Freedom of Information Act are applicable. Va. Code Ann § 2.2-3701 defines public bodies subject to the FOIA to include:

> organizations, corporations, or agencies in the Commonwealth
> supported wholly or principally by public funds.

Virginia Municipal Liability Pool clearly falls within this definition. Accordingly, there must be minutes of its meetings which would include actions taken by resolution. See Va. Code § 2.2-3707(I).

Without evidence to the contrary, the court presumes that the Virginia Municipal Liability Pool has complied with the FOIA and has kept minutes which are the official record of the "Supervisory Board's" actions. As there are no minutes reflecting a "resolution" opting to provide members with UM/UIM coverage, the court must find that no such resolution was passed.

Parenthetically, while the "best evidence rule" would seem to require the official document containing the resolution, the court takes no position on that issue.

Finding that the required resolution was never adopted, the court need not address the issue of whether the City of Williamsburg waived the default coverage limit. Section 15.2-2704 precludes the applicability of Va. Code § 38.2-2207 to this plaintiff.

Subsequent to the close of the case, defendant filed a Motion To Strike Plaintiff's Evidence. Such filings were not requested nor permitted by the court. The motion is not considered.

It is, therefore, ordered that judgment is awarded the defendant, the Virginia Municipal Liability Pool, against the plaintiff, Gail A. Johnson, and she shall take nothing in the nature of UM/UIM insurance coverage from the said defendant.

Nothing further remaining to be done, the Clerk is ordered to place this file among the ended causes.